**In re Wendell ROBINSON, Respondent. A Member of the Bar of the District of Columbia Court of Appeals.**

No. 89–371.

District of Columbia Court of Appeals.

Argued Jan. 18, 1990.
Decided Dec. 19, 1990.

R. Kenneth Mundy, Washington, D.C., for respondent.

Wallace E. Shipp, Jr., Deputy Bar Counsel, and Thomas E. Flynn, Washington, D.C., Bar Counsel, for the Office of Bar Counsel.

Before ROGERS, Chief Judge, FARRELL, Associate Judge, and MACK, Senior Judge.

PER CURIAM:

We are called upon to consider a Report and Recommendation of the Board on Professional Responsibility that respondent be disbarred from the practice of law in the District of Columbia. The Board unanimously found that respondent violated five disciplinary rules in the Code on Professional Responsibility: DR 1–102(A)(4) (dishonesty and misrepresentation); DR 9–103(A) (commingling of client's funds); DR 9–103(A)(2) (misappropriation of client's funds); DR 9–103(B)(3) (failing to maintain proper client records); and DR 9–103(B)(4) (failing to pay client's funds promptly). A majority of the Board recommended that

---

respondent be disbarred because his ethical violations involved misappropriation and intentional dishonesty. Two Board members concurred with the majority's recommendation of disbarment, but recommended as a sanction the imposition of a six-month suspension, with the balance of the disbarment period stayed, and a provision that respondent be placed on probation for two years. One Board member dissented, recommending that the Board suspend respondent for two years.

We accept the Board's findings of fact as supported by substantial evidence, and incorporate Parts I and II of its Report. In accordance with the en banc decision in *In re Addams*, 579 A.2d 190 (D.C.1990) (en banc), we order that respondent be disbarred. Respondent cashed a settlement check which he used for his own purposes and failed to turn over the client's share to the client despite the client's repeated requests that he do so. He eventually gave his client a check drawn on an account which he knew contained insufficient funds. Nevertheless, he twice told his client that there were sufficient funds. He further stated falsely to his client that the bank had told him the check would be honored. When the client said she intended to file a complaint with Bar Counsel, respondent then offered his client the full amount of the settlement check if she would refrain from so doing. In responding to Bar Counsel's inquiry, respondent gave incorrect information about the check.

Given the holding of *Addams*, the mitigating factors in this case—the relatively small amount of money, the relatively short period of time during which the client was denied the misappropriated funds, the absence of financial harm to the client, the fact that the misappropriation involved a single client, the relative inexperience of respondent, the absence of a prior disciplinary record, and the character testimony offered on respondent's behalf—are insufficient to overcome the presumption of disbarment. *See In re Addams, supra,* 579 A.2d at 192–93. Even with a stronger showing of mitigating factors, the aggravating factors found by the Board, including the incidents of knowing dishonesty

and the attempt to do what is tantamount to offering a bribe to his client if she would not report his misconduct to Bar Counsel, make clear his failure to overcome the presumption.

*So ordered.*

Separate statement by MACK, Senior Judge:

Although I would have opted for a less drastic sanction, I am bound by this court's en banc decision in *In re Addams*.