**In re David GODFREY, Respondent.**
**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 89–560.**

District of Columbia Court of Appeals.

Argued Oct. 24, 1990.
Decided Dec. 21, 1990.

R. Kenneth Mundy, Washington, D.C., for respondent.

Elizabeth A. Herman, Asst. Bar Counsel, with whom Thomas E. Flynn, Bar Counsel, was on the brief for Office of Bar Counsel.

Before STEADMAN and FARRELL, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

In this attorney disciplinary case, the Board on Professional Responsibility has found that respondent Godfrey "intentionally and dishonestly misappropriated [his client's] funds,"[1] and recommends disbarment. Pursuant to recent decisions of this court, we accept and apply that recommendation.

No testimony was offered by either side; the case proceeded by stipulation. In settlement of litigation in which Godfrey represented Anna Tomaselli, the insurance carrier sent him a check payable to his client and him. Ms. Tomaselli endorsed the check, and Godfrey cashed it on April 24, 1987. Godfrey offered no explanation of what then happened to the money, and that cannot otherwise be determined from the record. It was stipulated that Godfrey did not place or keep the money in an identifiable and separate trust account and failed to keep records of his client funds. After repeated requests, Godfrey finally disbursed to Ms. Tomaselli her share of the settlement on November 9, 1987.

We recently decided a companion case to that now before us which is controlling here. In *In re W. Edward Thompson*, 579 A.2d 218 (D.C.1990), the respondent had withdrawn money from a client's bank account without authorization. Respondent gave an explanation of the money's use which was disbelieved by the Hearing Committee and the Board. We held that "an attorney's failure to come forward with a satisfactory explanation for the use of client funds when it has been shown by clear and convincing evidence that the attorney took the funds without prior authorization for a non-*de minimis* period of time and kept no records of their use," *id.* at 218, could quite properly be considered a "significant—and even decisive—factor in proving dishonest misappropriation." *Id.* at 222. Appellant's argument that *W. Edward Thompson* is distinguishable since there the attorney testified and was disbelieved, while here the attorney simply stood silent, is meritless. In either case, the attorney has failed to provide "a satisfactory explanation."[2]

"[I]n virtually all cases of misappropriation, disbarment will be the only appropriate sanction unless it appears that the misconduct resulted from nothing more than simple negligence." *In re Addams*, 579 A.2d 190 (D.C.1990) (en banc). In the case before us, the Board noted that "Godfrey has chosen to remain mute on the question of mitigating circumstances, and we can find none." Nor can we. We applied the *Addams* sanction in the *W. Edward Thompson* case (remanding only, upon an agreement of immediate suspension, for consideration of a claim of alcoholism in mitigation), and subsequently in *In re Raymond B. Thompson*, 583 A.2d 1006 (D.C. 1990), and *In re Robinson*, 583 A.2d 691 (D.C.1990). We must do so again today.

Accordingly, it is ORDERED that David Godfrey shall be disbarred from the practice of law effective thirty days from the date of this opinion.

*So ordered.*

---

1. The Board found Godfrey to have violated three disciplinary provisions: DR 9–103(A) (failure to maintain an identifiable bank account for funds of the client), DR 9–103(B)(3) (failure to maintain complete records of all client funds), and DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Only the last violation is contested before us. We agree with the Board's rejection of respondent's argument that he had insufficient notice of what acts or conduct constituted the dishonesty with which he was charged.

2. Nor do we perceive any distinguishing element in the perhaps ambiguous phraseology in a portion of the Hearing Committee report about the absence of a "showing that Respondent in fact used the money available to him." The report is explicit in stating the "Committee's conclusion that respondent engaged in dishonest conduct, that is using his client's funds as his own."