**In re Jose SANTANA, Respondent.**

**No. 91–75.**

District of Columbia Court of Appeals.

Submitted May 29, 1991.

Decided June 19, 1991.

---

Before TERRY and FARRELL, Associate Judges, and REILLY, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility has recommended that respondent be disbarred on the basis of findings that he violated Disciplinary Rules 9–103(A) (misappropriation of client funds), 1–102(A)(4) (dishonesty), and 7–101(A)(1) (intentional failure to carry out the lawful objectives of a client).[1] Respondent contests neither the findings nor the recommendation of the Board. Indeed, he did not answer the disciplinary petition filed by Bar Counsel,[2] did not appear before the Hearing Committee, and filed no objections before the Board to the Committee's findings and conclusions, which the Board adopted.

We in turn adopt the findings and recommendations of the Board. According to evidence presented to the Committee, respondent was retained by a client in connection with an Internal Revenue Service demand for payment of back taxes. The client agreed to give respondent funds to be held in escrow while the IRS was approached in an effort to resolve the tax problem. The client paid respondent a total of $2,350 in escrow funds and $900 in legal fees. Later, however, when the client went to respondent's office to make another payment, he learned that respondent and his law firm had changed location; when the client found the new address of the firm, he was informed that respondent was no longer with the firm and had left no forwarding address. The client received no further communication from appellant and was never repaid the $2,350 that was to have been placed in escrow. Respondent

---

1. Because this case arose before January 1, 1991, the effective date of the District of Columbia Rules of Professional Conduct, the applicable standards governing the practice of law are those of the Code of Professional Responsibility.

2. The record contains the affidavit of a process server affirming that a copy of the petition and accompanying documents was served upon respondent at the City Attorney's Office, Bridgeport, Connecticut.

never performed any meaningful legal services on behalf of the client.

This evidence, which was undisputed, fully supports the findings that respondent committed misappropriation, *In re Harrison*, 461 A.2d 1034 (D.C.1983), engaged in conduct involving dishonesty, *In re Thompson*, 579 A.2d 218 (D.C.1990), and intentionally failed to seek the lawful objectives of his client.[3] Under the court's decision in *In re Addams*, 579 A.2d 190 (D.C.1990) (en banc), therefore, the only appropriate sanction is disbarment.[4]

Accordingly, it is ORDERED that Jose A. Santana shall be disbarred from the practice of law in the District of Columbia effective thirty days from the date of this opinion.

So ordered.

---

3. Like the Hearing Committee and the Board, we conclude that the evidence was insufficient to support a finding that respondent engaged in the unauthorized practice of law. DR 3–101(B).

4. "[I]n virtually all cases of misappropriation, disbarment will be the only appropriate sanction unless it appears that the misconduct resulted from nothing more than simple negligence." *In re Addams*, 579 A.2d at 191.