**In re Gerald J. GARNER, Respondent.**

**Nos. 91–862, 88–SP–1330.**

District of Columbia Court of Appeals.

Argued March 2, 1992.

Decided Aug. 14, 1992.

As Modified Aug. 24, 1992.

Michael S. Frisch, Asst. Bar Counsel, with whom Wallace E. Shipp, Jr., Acting Bar Counsel, Washington, D.C., at the time the brief was filed, was on the brief, for Office of Bar Counsel.

Joan L. Goldfrank, Washington, D.C., filed a brief for the Bd. on Professional Responsibility.

Michael J. Steponovich, Jr., with whom John W. Klein, Irvine, Cal., was on the brief, for respondent.

Before ROGERS, Chief Judge, STEADMAN, Associate Judge, and GALLAGHER, Senior Judge.

PER CURIAM:

This reciprocal discipline case is before us for a second time, and we need not repeat its history in detail. *See In re Garner*, 576 A.2d 1356 (D.C.1990) (per curiam). In brief, in 1984 Garner was suspended by New York for one year for supplying and notarizing alias names of the adoptive parents in connection with a California adoption in 1976. In New York, any suspension requires that, prior to reinstatement, the attorney must demonstrate by clear and convincing evidence that he or she is rehabilitated and fit to practice law. 22 N.Y.C.R.R. § 691.11.

■ The only issue before us is whether to adopt the post-remand recommendation and report of the Board of Professional Responsibility, reaffirming its prior recommendation, that we impose a six-month suspension with no proof of fitness requirement in lieu of the New York one-year suspension which also requires proof of fitness. The Board's recommendation is based on the proposition that the New York sanction was substantially outside the range of sanctions that would be imposed here for the same misconduct. *In re Garner, supra*, 576 A.2d at 1357. Bar Counsel opposes this recommendation and proposes instead identical reciprocal discipline, asserting that the Board failed to sufficiently

consider our decision in *In re Hutchinson*, 534 A.2d 919 (D.C.1987) (en banc).

*Hutchinson* is a quite different case. There, we imposed a one-year suspension on an attorney who, with the objective of shielding himself and others from possible civil and criminal liability, supplied false information under oath to the Securities and Exchange Commission.[1] Respondent, on the other hand, acted at the behest of his clients and with the sole purpose of preserving their anonymity in the adoption action, the hospital staff was aware that false names had been used, and respondent immediately made known the true situation when he received a communication from the California authorities addressed in the false names.

We think the Board could properly find greater comparability in our decisions in *In re Reback*, 513 A.2d 226 (D.C.1986) (en banc) and *In re Sandground*, 542 A.2d 1242 (D.C.1988). In *Reback*, two attorneys falsified their client's signature on a divorce complaint, had the signature notarized, and submitted the document to the court. Each was suspended for six months. In *Sandground*, the attorney assisted his client in concealing information about the client's funds in discovery requests that were material to a pending divorce action. He was suspended for ninety days.

■ Therefore, even applying a fairly wide net to the concept of similar misconduct,[2] we conclude that in the circumstances of this case, the Board could fairly

---

1. Even if *Hutchinson* were viewed as within the outermost limit of sanctions in our jurisdiction, that case did not include the additional requirement of a proof of fitness inherent in the New York sanction of Garner. That is a far from insignificant difference, since here, when a suspension includes proof of fitness, "as a practical matter, it takes six to twelve months after the expiration of the suspension for an attorney to actually be reinstated." *In re Arnett*, 565 A.2d 963, 964 (D.C.1989).

2. We reaffirm the proposition that, in a reciprocal discipline proceeding, "there is merit in the idea of granting due deference—for its sake alone—to the opinions and actions of a sister jurisdiction with respect to attorneys over whom we share supervisory authority ... In a reciprocal discipline proceeding, we also must factor in the effect of an inconsistent disposition involving identical conduct by the same attorney." *In re Velasquez*, 507 A.2d 145, 147 (D.C. 1986) (per curiam).

regard the New York sanction as outside the range of comparable sanctions here. Accordingly, we accept the Board's *de novo* determination that a six-month suspension from our Bar is appropriate for respondent's misconduct[3] and impose such a sanction, retroactive to November 1, 1988, the date of respondent's affidavit of nonpractice of law.[4]

*So ordered.*

---

3. Once the Board determines that reciprocal discipline should not be imposed, it makes its own recommendation as to the appropriate discipline by this court. D.C. Bar R. XI, § 11(g)(1) (1991). It may do so without holding a full hearing. *In re Reid,* 540 A.2d 754 (D.C.1988) (per curiam).

4. Bar Counsel does not oppose this retroactive application to 1988. The affidavit moots the issue in our prior appeal whether the sanction should be retroactive to 1984, the date of respondent's suspension in New York. *See In re Goldberg,* 460 A.2d 982, 985 (D.C.1983) (per curiam). Respondent does not challenge the imposition of a six-month suspension.