**In re William F.C. MARLOW, Jr., Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 93–BG–104.**

District of Columbia Court of Appeals.

Argued Nov. 16, 1994.

Decided Jan. 26, 1995.

Michael S. Frisch, Asst. Bar Counsel, with whom Leonard H. Becker, Bar Counsel, was on the brief, for Office of Bar Counsel.

William F.C. Marlow, Jr., pro se.

Before FARRELL and KING, Associate Judges, and MACK, Senior Judge.

MACK, Senior Judge:

This disciplinary matter is before this court on the report and recommendation of the Board on Professional Responsibility ("Board") that reciprocal discipline be imposed on respondent. Bar Counsel supports the recommendation. We agree that the imposition of reciprocal discipline is appropriate.

On December 8, 1992, the Maryland Court of Appeals sanctioned respondent with a thirty-day suspension, based on its finding that he violated Rule 1.15 of the Maryland Rules of Professional Conduct. *Attorney Grievance Commission v. Marlow,* Misc.Docket (Subtitle BV) No. 16 (MD Dec. 8, 1992) (unreported) ("Marlow") at 20. The suspension became effective on January 7, 1993, and concluded thirty days thereafter. Specifically, the Court of Appeals held:

> To the extent that the respondent relied on others, rather than preparing, maintaining, and regularly reviewing, the firm and estate records himself, he was negligent. While mere negligence ordinarily will not support the sanction of disbarment, it will suffice to support a violation of Rule 1.15.

*Id.* at 14 (citations omitted).

Respondent's misconduct arose while he was acting as the personal representative for an estate. As personal representative, respondent sold the decedent's house at an auction with settlement to take place within forty-five days. Prior to settlement, the purchasers asked for an extension agreement under which they would pay an additional deposit fee. The fee was paid in the form of two checks endorsed over to respondent and $2,500 in cash, all delivered to respondent's office on June 16, 1988. These facts were undisputed. However, the identity of the person or persons who actually received the deposit was in dispute. The purchasers said they gave the money to respondent; however, respondent testified that he had no recollection of meeting with the purchasers or of

receiving the deposit. Furthermore, respondent offered evidence of being at a meeting elsewhere at the same time the purchasers said they were in his office. The record revealed that the two checks were deposited in the estate checking account, opened by respondent, but that the cash ($2,500) was never deposited in that account. When the respondent filed an accounting of the estate with the Baltimore County Register of Wills on September 29, 1989, there were insufficient funds in the estate account to cover the required distributions.

The Board recommends reciprocal discipline, and Bar Counsel supports this recommendation. District of Columbia Bar Rule XI, § 11(f) provides that where a member of the D.C. Bar has been subject to discipline in another jurisdiction, this court will impose reciprocal discipline "unless the attorney demonstrates, or the Court finds on the face of the record on which discipline is predicated, by clear and convincing evidence" that one or more of the factors set forth in § 11(c) exists. *See also In re Garner,* 611 A.2d 969 (D.C.1992); *In re Jones,* 599 A.2d 1145 (D.C. 1991). The Board agreed with Bar Counsel's assertion that none of the § 11(c) factors apply to this case, and there is no "clear and convincing evidence" before us that any of these factors are relevant here. In regard to disposition of a disciplinary matter, this court adopts the sanction recommended by the Board, unless that disposition is unwarranted or is inconsistent with sanctions for comparable conduct. D.C.App.R. XI, § 9(g); *see, e.g., In re Steele,* 630 A.2d 196 (D.C.1993); *In re Mintz,* 626 A.2d 926 (D.C.1993).

Although the Board did not specify which D.C. Rule respondent's actions violated, it is clear from the Board's discussion of *In re Gilchrist,* 488 A.2d 1354 (D.C.1985), and *In re Hessler,* 549 A.2d 700 (D.C.1988), that DR 9–103(B)(3) is the disciplinary rule that is analogous to Maryland's Rule 1.15(a).[1] Both

---

1. Effective January 1, 1991, the Code of Professional Responsibility (which contained, *inter alia,* the Disciplinary Rules) in effect on December 31, 1990, was rescinded and was replaced by the D.C. Rules of Professional Conduct. Thus, the provisions of DR 9–103(B)(3) have been replaced by the comparable provisions contained in

D.C.App.R. 1.15(a). However, conduct occurring *prior to* the recision of the Code is still controlled by the disciplinary rules in effect on the date of the conduct in question. Thus, the conduct in this case is controlled by the disciplinary rules. *See, e.g., In re Bettis,* 644 A.2d 1023, 1025 n. 1 (D.C.1994).

DR 9–103(B)(3) and Maryland's Rule 1.15 require an attorney to maintain complete records of client funds. In *In re Gilchrist, supra,* we ordered a public censure where an attorney had commingled his funds with client's funds and had failed to maintain proper records of client's funds.[2] In *In re Choroszej,* 624 A.2d 434 (D.C.1992), we ordered a six-month suspension where an attorney had negligently misappropriated and failed to maintain proper records of client's funds.[3] And finally in *In re Godfrey,* 583 A.2d 692 (D.C.1990), we ordered disbarment and held that an attorney's failure to explain loss of client funds constituted misappropriation warranting disbarment.[4]

As Bar Counsel points out, intentional misappropriation (or its equivalent)[5] requiring disbarment is absent in this case. *See, e.g., In re Zilberberg,* 612 A.2d 832 (D.C.1992). Moreover, as discussed by the Maryland Court of Appeals, sanctions for negligent misappropriation and/or commingling, which are usually more severe than a thirty-day suspension, are also inapplicable here since respondent was not found to have misappropriated or even to have commingled funds.

*Marlow, supra,* at 12–14, 20. Thus, based on the findings of the Maryland Court of Appeals and upon our own precedent, we agree with the Board and Bar Counsel that a thirty-day suspension is "within the range of sanctions" that would be imposed for similar misconduct in this jurisdiction. *In re Garner,* 576 A.2d 1356, 1357 (D.C.1990) (per curiam).

We, therefore, adopt the Board's recommended disposition of this case and impose upon respondent the same discipline imposed by the Maryland Court of Appeals. Accordingly, it is

ORDERED that respondent, William F.C. Marlow, Jr. is suspended for thirty days, *nunc pro tunc* to March 1, 1993, the date that respondent was suspended here.[6]

*So ordered.*

---

**2.** We also discussed our ruling in *In re Artis,* No. M–103–81 (D.C. Feb. 25, 1982), where we ordered censure for a commingling unaccompanied by any misappropriation and concluded that the situation in *Artis* was comparable to that in *Gilchrist* at 488 A.2d 1358.

**3.** Misappropriation is "any unauthorized use by an attorney of a client's funds entrusted to him or her, *whether or not* temporary *or* for personal gain or benefit. Misappropriation is essentially a *per se* violation for which improper intent is *not* an element." *Id.* at 436 (citations omitted) (emphasis added).

**4.** In contrast to respondent's misconduct, the attorney's misconduct in *Godfrey* was in violation

of three disciplinary provisions: DR 9–103(A) (failure to maintain an identifiable bank account for funds of the client), DR 9–103(B)(3), and DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). *Id.* at 693.

**5.** *See In re Addams,* 579 A.2d 190, 191 (D.C. 1990) (en banc).

**6.** Respondent's thirty-day suspension has already been served as a result of his interim suspension that was previously ordered by this court pursuant to D.C.App.R. XI, § 11(d). *See In re William F.C. Marlow, Jr.,* No. 93–SP–104 (D.C. March 1, 1993). Respondent timely filed the affidavit required by D.C.App.R. XI, § 14(f).