**In re Gary F. MURG, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 95–BG–1543.**

District of Columbia Court of Appeals.

Submitted Dec. 3, 1996.

Decided Dec. 30, 1996.

---

Before FARRELL, RUIZ and REID, Associate Judges.

PER CURIAM:

█ In this reciprocal discipline proceeding, the Board on Professional Responsibility recommends that Gary F. Murg be disbarred from the practice of law in the District of Columbia based on his misconduct in handling a client's arbitration award. We adopt the recommendation of the Board. *See* D.C.

Bar R. XI, § 9(g)(1) (1996) (requiring this court to "adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted").

 Upon receipt of notice of Michigan's disciplinary action, and pursuant to D.C. Bar R. XI, § 11(d), this court issued an order on November 22, 1995, suspending the respondent from the practice of law in this jurisdiction pending final disposition of the proceeding against him. The respondent has not responded to the show cause order issued at the time he was temporarily suspended under D.C. Bar R. XI, § 11(d), and he has not objected under D.C. Bar R. XI, § 11(c) to this court's imposition of reciprocal discipline, and no such reasons for objection appear on the face of the Michigan ruling. Thus, we order that Gary F. Murg be disbarred from the practice of law in the District of Columbia, effective immediately.[1] *See* D.C. Bar R. XI, §§ 14(f) and 16(c). The respondent is required to make restitution of $60,000, plus interest, as a condition of reinstatement. Copies of the order of disbarment giving the respondent notice of the provisions of Rule XI, §§ 14 and 16, which set forth certain rights and responsibilities of disbarred attorneys, will be transmitted to the Chairman of the Board on Professional Responsibility, and to the respondent.

*So ordered.*

---

[1] The respondent did not comply with the provisions of D.C. Bar R. XI, § 14 at the time of his suspension by this court on November 22, 1995, and is therefore ineligible for *nunc pro tunc* consideration. *See In re Slater*, 627 A.2d 508, 509 (D.C.1993); *In re Mulkeen*, 606 A.2d 136, 137 (D.C.1992).