**In re John P. DIUGUID, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 95–BG–483.**

District of Columbia Court of Appeals.

Submitted Feb. 4, 1997.

Decided Feb. 27, 1997.

Before FERREN and FARRELL, Associate Judges, and KERN, Senior Judge.

PER CURIAM.

The Board on Professional Responsibility issued a report on July 26, 1996, recommending that respondent be disbarred for violating the following District of Columbia Rules of Professional Conduct: Rule 1.15(a) (failure to safekeep property and misappropriation),

---

12. The *Clay* factors imposing a duty of inquiry notice are inapplicable under the facts here.

Rule 1.17(a) (failure to deposit funds in a specially designated account at a financial institution), and Rule 8.4(c) (dishonesty, fraud, deceit, or misrepresentation), all of which occurred during the course of respondent's representation of the personal representative of an estate. We adopt the recommendation of the Board. *See* D.C. Bar R. XI, § 9(g)(1) (1996) (requiring this court to "adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted"). *See, e.g., In re Godfrey*, 583 A.2d 692 (D.C.1990) (ordering disbarment where attorney misappropriated client funds); *In re Addams*, 579 A.2d 190 (D.C. 1990) (en banc) ("reaffirm[ing] that in virtually all cases of misappropriation, disbarment will be the only appropriate sanction unless it appears that the misconduct resulted from nothing more than simple negligence"). Based upon respondent's decision not to take exception to the recommendation of the Hearing Committee's Report and Recommendation,[1] it is

ORDERED that respondent is hereby disbarred forthwith from the practice of law in the District of Columbia.[2]

The Clerk shall cause a copy of this order to be transmitted to the Chair of the Board on Professional Responsibility and to the respondent, thereby giving him notice of the provisions of D.C. Bar R. XI, §§ 14 and 16, which set forth certain rights and responsibilities of disbarred attorneys and the effect of failure to comply therewith.

*So ordered.*

---

[1]  We note that the Board adopted the Hearing Committee's findings of fact, findings of the violations, and its recommendation as to sanction.

[2]  We note footnote 2 in the Board's report explaining that the Court of Appeals of Maryland disbarred respondent for the allegations of misconduct which underlie the present case and for a separate charge of misappropriation. On June 2, 1995, this court suspended respondent from the practice of law in the District of Columbia

---

pending final disposition. We referred the matter to the Board for a recommendation concerning the imposition of reciprocal discipline. In light of the Board's actions, it is no longer necessary to maintain the order this court entered solely on the basis of reciprocity with the Maryland courts. Therefore, we agree with the Board that the reciprocal discipline proceedings against respondent should be dismissed.