**In re James D. GENTILE, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 97–BG–79.**

District of Columbia Court of Appeals.

Submitted Jan. 8, 1998.

Decided Jan. 29, 1998.

Before WAGNER, Chief Judge, and SCHWELB, Associate Judge, and PRYOR, Senior Judge.

**PER CURIAM:**

Respondent, James D. Gentile, an attorney, was suspended from the practice of law in the state of Maryland for thirty days by consent. According to the Joint Petition for Suspension filed with the Attorney Grievance Commission of Maryland (Commission), four complaints were filed against Gentile alleging violations of Maryland Rules of Professional Conduct 1.3 (acting with reasonable diligence and promptness), 1.4 (keeping a client reasonably informed about the status of a matter) and 1.15 (safekeeping property).[1] Prior to a hearing on the complaints, Gentile consented to a thirty-day suspension without admitting to any misconduct. The petition was granted by the Maryland Court of Appeals on January 2, 1997, and Gentile was suspended from practice in Maryland commencing December 31, 1996 and terminating January 31, 1997.

Upon notification of Gentile's suspension in Maryland, this court suspended him from the District of Columbia Bar pursuant to Bar Rule XI, § 11(d) on February 4, 1997.[2] On February 6, 1997, Gentile was reinstated in Maryland, and he filed a request for reinstatement in the District of Columbia on the ground that the interim suspension imposed in this jurisdiction had already exceeded the suspension imposed in Maryland. On April 8, 1997, with the agreement of Bar Counsel, this court vacated Gentile's suspension without prejudice to the imposition of different discipline, if warranted.

Bar Counsel recommended that reciprocal discipline be imposed, and Gentile indicated that he would accept the recommendation in order to expedite the court's consideration of his request for reinstatement. The Board on Professional Responsibility (Board) recommended reciprocal discipline, and no excep-

---

1. Respondent contends that the complaints arose out of a fee dispute with his former employer, an attorney who referred clients to him for litigation.

2. D.C. Bar Rule XI, § 11(d) states in relevant part as follows:
   Upon receipt of a certified copy of an order demonstrating that an attorney subject to the disciplinary jurisdiction of this Court has been suspended or disbarred by a disciplining court outside the District of Columbia or by another court in the District of Columbia, the Court shall forthwith enter an order suspending the attorney from the practice of law in the District of Columbia pending final disposition of any reciprocal disciplinary proceeding, and directing the attorney to show cause within thirty days from the date of the order why the identical discipline should not be imposed.

tions have been filed to the Board's recommendation.

 Pursuant to Bar Rule XI, § 11(c), reciprocal discipline should be imposed unless the court finds by clear and convincing evidence that one of several enumerated exceptions applies, none of which does here. *See In re Gardner*, 650 A.2d 693, 695 (D.C. 1994); *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992). "The rule thus creates a rebuttable presumption that the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *Id.* A member of the District of Columbia Bar who resigns voluntarily during a disciplinary proceeding in another jurisdiction is subject to discipline in this jurisdiction. *See In re Richardson*, 692 A.2d 427, 430–31 (D.C. 1997). Therefore, the imposition of reciprocal discipline, if deemed appropriate, is proper.

 While the facts underlying the alleged misconduct have not been disclosed, the District of Columbia has similar Rules of Professional Conduct addressing the alleged violations.[3] Thirty-day suspensions have been imposed for violations of these rules. *See In re Foster*, 581 A.2d 389 (D.C.1990) (thirty-day suspension imposed for neglect, failure to return client's property after request, failure to seek lawful objectives of client); *In re Dietz*, 633 A.2d 850 (D.C.1993) (thirty-day suspension for violation of Disciplinary Rules 1.3(a), 1.3(b), 1.3(c), 1.4(a), 1.5(d) and 8.4); and *In re Marlow*, 652 A.2d 1111 (D.C.1995) (thirty-day suspension in reciprocal discipline case for violating Maryland R. 1.15(a), which is analogous to the former DR 9–103(B)(3) of the D.C. Code of Professional Responsibility).[4] Thus, the Board's recommendation is within the range of discipline which would have been imposed in this jurisdiction for misconduct of substantially the same nature. Therefore, we accept the Board's recommendation for a thirty-day suspension, which respondent has already served.[5]

It is therefore ORDERED that respondent, James D. Gentile be, and hereby is, suspended from the practice of law for thirty days with credit given him for the time suspended by this court on an interim basis.

*So ordered.*

---

3. Rule 1.3, Diligence and zeal; Rule 1.4, Communication; and Rule 1.15, Safekeeping property.

4. The Board noted that although violation of Rule 1.15(a) can result in disbarment where intentional misappropriation is proven, it recommended deferring to the judgment of the Maryland Court, since the nature of the allegations was not disclosed.

5. The Board reports that Gentile has filed the affidavits required under *In re Goldberg*, 460 A.2d 982 (D.C.1983) and Rule XI, § 14(g) and served his reciprocal discipline.