In re Thomas A. MASSEY, Respondent,

A Member of the Bar of the District of Columbia Court of Appeals.

No. 93–BG–729.

District of Columbia Court of Appeals.

Submitted Dec. 4, 1997.
Decided March 18, 1999.

Thomas A. Massey, respondent pro se.

Leonard H. Becker, Bar Counsel, and Michael S. Frisch, Senior Assistant Bar Counsel, entered appearances for petitioner, the Office of Bar Counsel.

Before TERRY, STEADMAN, and FARRELL, Associate Judges.

TERRY, Associate Judge:

Thomas A. Massey, the subject of this reciprocal disciplinary proceeding, is a member of our bar and was also admitted to practice in Oklahoma. After twenty grievances were filed against him in Oklahoma,[1] Mr. Massey voluntarily resigned his membership in the Oklahoma Bar while the grievances were still pending before the disciplinary authorities there.[2] The Supreme Court of Oklahoma entered an order on March 22, 1993, accepting his resignation with the right to seek reinstatement after five years.

After District of Columbia Bar Counsel provided us with a copy of the Oklahoma order, this court on June 23, 1993, suspended Mr. Massey from the practice of law in the District of Columbia and directed him to show cause before the Board on Professional Responsibility ("the Board") why this court

---

1. The list of grievances included allegations that Mr. Massey failed to distribute client money properly, made unauthorized use of client funds, neglected clients, received unauthorized referrals, charged excessive fees, and participated in improper contingency fee arrangements.

2. Mr. Massey's affidavit of resignation stated that he was offering his resignation "freely and voluntarily," that he had not been "submitted to coer-

cion or duress," and that he was "aware of the consequences of submitting this resignation." In addition, although not admitting misconduct, he said he was aware that the allegations, if proven, would constitute violations of Rules 1.1, 1.3, 1.4, 1.5(c), 1.5(e)(2), 1.15, 1.16, 4.1, 4.4, 5.3, 8.1, and 8 .4 of the Oklahoma Rules of Professional Conduct. Cf. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

should not impose the identical discipline imposed by the Oklahoma court. Mr. Massey did not respond to the show cause order.

■ The Board in due course filed a report and recommendation stating that, because resignation with the right to apply for reinstatement in five years "connotes that the Respondent is in good standing with the bar ... the more appropriate reciprocal sanction is disbarment." [3] Therefore, the Board recommends that this court enter an order disbarring Mr. Massey "as reciprocal discipline, based on his disciplinary resignation from the Oklahoma Bar Association." Mr. Massey did not participate in the proceedings before the Board, and neither he nor Bar Counsel has filed in this court any exceptions to the Board's report and recommendation. We conclude that we may properly order disbarment here, even though it is different from the sanction imposed in Oklahoma, because the two sanctions are not "substantially different." We therefore accept the Board's recommendation and order Mr. Massey disbarred.

■ D.C. Bar Rule XI, § 9(g)(1) directs this court generally to "adopt the recommended disposition of the Board unless to so do would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." In reciprocal discipline cases, however, we are obliged to impose the same discipline imposed by the original disciplining court [4] "unless the attorney demonstrates, or the court finds on the face of the record on which the discipline is predicated, by clear and convincing evidence," that one or more of the following exceptions applies:

(1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could

not, consistently with its duty, accept as final the conclusion on that subject; or

(3) The imposition of the same discipline would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in the District of Columbia; or

(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

D.C. Bar Rule XI, § 11(c). Absent one of these exceptions, we have held that our rules establish "a rebuttable presumption that the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992); *accord, e.g., In re Gardner*, 650 A.2d 693, 695 (D.C.1994). This is true even when our rules do not include the sanction imposed in the original jurisdiction, so long as "the sanction imposed, although not strictly conforming to our disciplinary scheme, [is] functionally equivalent to one we might have imposed had the case arisen before us in the first instance." *In re Coury*, 526 A.2d 25 (D.C.1987); *see In re Moorcones*, 619 A.2d 983, 984 (D.C.1993).

Since Mr. Massey has filed no exceptions to the Board's recommendation, this court must impose reciprocal discipline unless we find, on the face of the record, one or more of the five exceptions listed in Rule XI, § 11(c). There is no indication that exceptions (1), (2), and (3) have any application to this case. Further, the alleged violations clearly constitute misconduct in the District of Columbia. Among the various allegations, which Mr. Massey does not contest, the failure to distribute client funds and proceeds violates Rule 1.15 of our Rules of Professional Conduct, the failure to communicate violates Rule 1.3, general neglect violates Rules 1.1, 1.3, and 1.4, the failure to have a written contingency fee agreement violates Rule 1.5(c), unauthorized referrals violate Rule 1.5(e)(2), and dishonesty to clients violates

---

**3.** The Board noted that resignation and disbarment are "functionally equivalent."

**4.** In *In re Richardson*, 692 A.2d 427, 431 (D.C. 1997), this court held that voluntary resignation

is "discipline" for the purpose of a reciprocal disciplinary proceeding. *See also In re Sheridan*, 680 A.2d 439, 440 (D.C.1996).

Rule 4.1.[5] Therefore, exception (5) does not apply.

Because the Board has recommended a discipline different from that imposed by the Oklahoma court, exception (4) would be relevant if the two disciplines were "substantially different." In this case, however, it does not appear that disbarment and voluntary resignation with the right to seek reinstatement in five years are substantially different, since he would also have the right under Rule XI, § 16(c) to apply for reinstatement in the District of Columbia after five years. We hold, therefore, that disbarment is not "substantially different" from resignation with the right to seek reinstatement after five years, and that exception (4) does not apply in Mr. Massey's case.

■ Mr. Massey's failure to respond to the show cause order "is an effective default on whether such cause existed." *In re Sheridan, supra* note 4, 680 A.2d at 440 (citation omitted). He has thus conceded that reciprocal discipline is warranted. *In re Goldsborough*, 654 A.2d 1285, 1288 (D.C.1995). It is therefore

ORDERED that Thomas A. Massey is hereby disbarred from the practice of law in the District of Columbia. Since it does not appear that he has filed the affidavit required by D.C. Bar Rule XI, § 14(g), his disbarment will take effect on the date that he does so. His temporary suspension under our order of June 23, 1993, shall continue until then.

5. *See, e.g., In re Pierson,* 690 A.2d 941, 948 (D.C. 1997) (disbarment required when attorney's actions "amounted to intentional misappropriation"); *In re Diuguid,* 689 A.2d 1223, 1224 (D.C. 1997) (ordering disbarment for failure to safeguard property, misappropriation, failure to deposit funds in a specially designated account, dishonesty, fraud, deceit, and misrepresentation); *In re Murg,* 686 A.2d 1039 (D.C.1996) (disbarment based on attorney's "misconduct in handling a client's arbitration award"); *In re Godfrey,* 583 A.2d 692, 693 (D.C.1990) (disbarment imposed for misappropriation of client funds); *In re Addams,* 579 A.2d 190, 191 (D.C.1990) (en banc) ("in virtually all cases of misappropriation, disbarment will be the only appropriate sanction unless it appears that the misconduct resulted from nothing more than simple negligence").