*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 23-BG-336**

IN RE WILLIAM KALISH

**DDN: 2022-D176**

An Administratively Suspended Member of the
Bar of the District of Columbia Court of Appeals

**Bar Registration No. 77503**

BEFORE: Blackburne-Rigsby, Chief Judge, Beckwith, Associate Judge, and Ruiz, Senior Judge.

### O R D E R
(FILED— June 29, 2023)

On consideration of the certified order from the state of Florida permanently revoking respondent's law license by consent; this court's May 3, 2023, order suspending respondent pending disposition of this matter and directing him to show cause why the reciprocal discipline of disbarment should not be imposed; and the statement of Disciplinary Counsel wherein he requests that reinstatement also be conditioned on respondent establishing that he has fulfilled his obligations to reimburse the Florida Client Security Fund and make restitution; and it appearing that respondent has not filed a response or his D.C. Bar R. XI, § 14(g) affidavit, it is

ORDERED that William Kalish is hereby disbarred from the practice of law in the District of Columbia. Prior to filing a petition for reinstatement respondent must show that he has complied with the restitution requirements and other payments required by the state of Florida. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (stating that the rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate); *In re Leone,* 292 A.3d 761 (D.C. 2023) (disbarment is the functionally equivalent discipline to a permanent revocation in the state of Florida); *see also In re Murg*, 686 A.2d 1039, 1040 (D.C. 1996) (requiring that respondent make restitution of

$60,000, plus interest, in the original jurisdiction as a condition of reinstatement).  It is

FURTHER ORDERED that, for purposes of reinstatement, Mr. Kalish's disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**