In the Matter of Heywood
T. FULLER, Esquire.

A Member of the Bar of the District
of Columbia Court of Appeals.

No. 95–BG–621.

District of Columbia Court of Appeals.

April 18, 1996.

Before STEADMAN and RUIZ, Associate Judges; and KERN, Senior Judge.

## ORDER

PER CURIAM.

On consideration of the order of the Supreme Court of Illinois dated March 27, 1995, that respondent be suspended for one year and until further order of the Court in that jurisdiction, of the order of this Court dated June 29, 1995, suspending respondent pending final disposition of this proceeding, and of the report and recommendation of the Board on Professional Responsibility, recommending that reciprocal discipline be imposed, and further recommending that respondent's suspension shall continue until respondent files with the Court certification that he has been reinstated to practice law in Illinois; letter from the Office of Bar Counsel taking no exception to the report and recommendation of the Board on Professional Responsibility; and it appearing that respondent has not filed the required affidavit in compliance with D.C. Bar R. XI, § 14(g); and it further appearing that respondent has not filed exception to the discipline recommended by the Board on Professional Responsibility, it is

ORDERED that, pursuant to Rule XI, § 11(f)(1) of the Rules Governing the Bar, effective January 1, 1995, the recommendation by the Board on Professional Responsibility is hereby adopted and imposed by this Court. Respondent shall be suspended forthwith from the practice of law for one year, with reinstatement conditioned on (1) restitution of principal and interest to all clients, (2) completion of a course in office management, stress management, or professional responsibility, (3) passing the Multistate Professional Responsibility Examination, (4) respondent filing with the Court

certification that he has been reinstated to practice law in Illinois. It is

FURTHER ORDERED that respondent's attention is drawn to the requirement of D.C. Bar Rule XI, § 14 relating to suspended attorneys and to the provisions of § 16(c) dealing with the timing of eligibility for reinstatement as related to compliance with § 14, including the filing of the required affidavit.

## DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

### *REPORT AND RECOMMENDATION OF THE*
### *BOARD ON PROFESSIONAL RESPONSIBILITY*

This is a reciprocal matter from the State of Illinois. Respondent, a member of the Bar of the District of Columbia, was found by the Hearing Board of the Illinois Attorney Registration and Disciplinary Commission to have committed multiple disciplinary violations between July of 1986 and November of 1989 involving numerous clients.

On March 27, 1995, the Supreme Court of Illinois approved and confirmed the report and recommendation of the Hearing Board. The Court ordered that Respondent be suspended from the practice of law for one year and until further order of Court, and as conditions of reinstatement (1) make full restitution of principal and interest to all clients; (2) complete a course in office management, stress management, or professional responsibility, and (3) pass the Multistate Professional Responsibility examination.

Thereafter, the District of Columbia Court of Appeals issued an interim suspension order, and directed that the Board on Professional Responsibility recommend promptly to the Court whether identical, greater or lesser discipline should be imposed as reciprocal discipline, or whether the Board, instead, elects to proceed *de novo* pursuant to Rule XI, § 11. A copy of the Court's order was served on Respondent.

On May 19, 1995, the Board's Executive Attorney sent a letter to Respondent informing him, among other things, of the requirements of Section 11 of Rule XI, and Board Rule, Chapter 8, and also advising him of his obligation to file so-called *Goldberg* and section 14(g) affidavits. No such affidavits have been filed.

### *Disciplinary Violations*

In six instances involving separate clients, Respondent was found to have violated Illinois Rules 6–101(A)(3) (neglect of a legal matter), 7–101(A)(1) (failing to seek lawful objectives), 7–101(A)(2)(failing to carry out contract of employment), and 2–110(A)(3)(failing to refund unearned portion of legal fee).

In two instances involving separate clients, Respondent was found to have violated Illinois Rules 6–101(A)(3) (neglect of a legal matter), 7–101(A)(1) (failing to seek lawful objectives of a client), 7–101(A)(2) (failing to carry out contract of employment of professional services), and 7–101(A)(3) (causing prejudice to clients during course of professional relationship).

In one instance involving husband and wife clients, Respondent was found to have caused prejudice and damage to his clients during the course of the professional relationship, neglected a legal matter entrusted to him, and failed to render an accounting of client funds in his possession, in violation of Illinois Rules 6–101(A)(3), 7–101(A)(2), 7–101(A)(3), and 9–102(C)(3).

In almost every instance, Respondent extracted fees from the clients he undertook to serve.

Respondent also was found to have engaged in conduct prejudicial to the administration of justice, and conduct that tends to bring the court or legal profession into disrepute, in violation of Illinois Rule 1–102(A)(5) and Illinois Supreme Court Rule 771.

### *Bar Counsel's Recommendation*

Bar Counsel recommended that reciprocal discipline be imposed, although it is Bar Counsel's view that, if this matter were considered as an original case, a more severe sanction might well be appropriate. Bar Counsel's recommendation was influenced in part by mitigating factors considered by the

Illinois Board of Review. Those included Respondent's forthright testimony, his remorse, the fact that he has made substantial restitution to his clients, and that, other than two legal clients he was representing at the time of the hearing, Respondent had not engaged in the active practice of law since 1988.

### Discussion

■ As ruled by the District of Columbia Court of Appeals in *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992), reciprocal discipline " 'shall be imposed unless the attorney demonstrates, by clear and convincing evidence,' that the case falls within one or more of the five specifically enumerated exceptions" in Rule XI, § 11(c).

> The rule thus creates a rebuttable presumption that the discipline will be the same in the District of Columbia as it was in the original jurisdiction. See *In re Velasquez,* 507 A.2d 145, 146–147 (D.C.1986).

■ There has been no showing that this case falls within any of the exceptions. The presumption that reciprocal discipline will be imposed has not been rebutted. The record demonstrates that Respondent was accorded due process; there was no infirmity of proof establishing the misconduct; the imposition of reciprocal discipline would not result in grave injustice; and the misconduct found to have occurred in Illinois constitutes misconduct in the District of Columbia.

■ With respect to whether the misconduct in Illinois warrants substantially different discipline in the District of Columbia, we agree with Bar Counsel that, had this matter arisen originally in the District of Columbia, a more severe sanction might well be appropriate. However, under our Court of Appeals ruling in *In re Garner,* 576 A.2d 1356 (D.C.App.1990), the difference in punishment that might have been imposed in this jurisdiction must be "substantial" in order to apply that exception. (576 A.2d. at 1357) The test is whether the discipline imposed in the foreign jurisdiction is "within the range of sanctions that would be imposed for the same misconduct." (*Ibid*)

We agree with Bar Counsel that suspension for one year with the specified conditions constitutes discipline within the range of the sanction that would be imposed in this jurisdiction for the same misconduct. *See e.g., In re Tinsley,* 582 A.2d 1192 (D.C.1990), and *In re Lenoir,* 585 A.2d 771 (D.C.1991). In reaching that conclusion, we are influenced, as was Bar Counsel, by the several mitigating factors delineated in the decision of the Illinois Hearing Board, and also because Respondent's conduct did not involve dishonesty, and, moreover, he had no prior disciplinary record.

### Recommendations

It is the recommendation of the Board that the District of Columbia Court of Appeals issue an order suspending Respondent for a period of one year, with reinstatement conditioned on (1) restitution of principal and interest to all clients, (2) completion of a course in office management, stress management, or professional responsibility, and (3) passing the Multistate Professional Responsibility examination.

It is further recommended that Respondent's suspension shall continue until Respondent files with the Court certification that he has been reinstated to practice law in Illinois.

The period of suspension should commence from the date of Respondent's filing of a section 14(g) affidavit.

BOARD ON PROFESSIONAL RESPONSIBILITY

By: /s/ James C. McKay
James C. McKay

Dated: February 20, 1996

All members concur in this report and recommendation.