**In re Richard E. PAINTER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–1362.**

District of Columbia Court of Appeals.

Submitted Jan. 9, 2001.

Decided Jan. 25, 2001.

Before STEADMAN and SCHWELB, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM:

Respondent, Richard E. Painter, was disbarred by the Court of Appeals of Maryland on October 13, 1999. *Attorney Grievance Comm'n of Md. v. Painter,* 356 Md. 293, 739 A.2d 24 (1999). His disbarment was based on his long history of domestic violence. *See id.*

Upon learning of respondent's disbarment in Maryland, we imposed an interim suspension pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board"). The Board recommends identical reciprocal discipline of disbarment.

Bar Counsel has indicated that she takes no exception to the Board's recommendation. Respondent did not participate in the proceedings before the Board and has not filed any exceptions to the Board's report and recommendation.

Given the rebuttable presumption in favor of identical reciprocal discipline, *see In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992), and our heightened deference to the Board when its recommendation is unopposed, *see In re Goldsborough,* 654 A.2d 1285 (D.C.1995), and D.C. Bar R. XI, § 11(f), we accept the Board's recommendation. Accordingly, it is

ORDERED that Richard E. Painter is disbarred from the practice of law in the District of Columbia. We note that re-

spondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g). We direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*