**In re Donal B. BARRETT, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 07–BG–91.**

District of Columbia Court of Appeals.

Argued Feb. 24, 2009.

Decided March 5, 2009.

Donal B. Barrett, pro se.

William R. Ross, Assistant Bar Counsel, with whom Wallace E. Shipp, Jr., Bar Counsel, and Judith Hetherton, Senior Assistant Bar Counsel, were on the brief, for the Office of Bar Counsel.

Before REID and FISHER, Associate Judges, and KING, Senior Judge.

FISHER, Associate Judge:

In this reciprocal discipline proceeding, the Board on Professional Responsibility ("Board") recommends that we impose the substantially different discipline of disbarment. We accept the Board's recommendation.

## I.

Although respondent has been a member of the District of Columbia Bar since 1982, he has been administratively suspended since November 30, 1988, for failure to pay bar dues. In 2006, the Supreme Judicial Court of Massachusetts ("SJC") suspended him from the practice of law for two years. *In re Barrett,* 447 Mass. 453, 852 N.E.2d 660 (2006).[1] We

refer the reader to that opinion for details, but, as the Board accurately summarizes, the SJC concluded "that Respondent, in his capacity as a fiduciary, intentionally converted corporate funds for his personal use and fabricated documents and made false statements to conceal his actions." Although the court held that respondent had breached his fiduciary obligations, it also concluded "that the $130,000 taken by the respondent from NetFax's account did not constitute a misappropriation of client funds while the respondent was engaged in the practice of law." 852 N.E.2d at 668.

## II.

■ Respondent asks us to conduct a "close review" of the evidence in order to "achieve a complete understanding of this matter," but he may not relitigate the facts. The Board did not find, and respondent has not established, by clear and convincing evidence, that the proceedings in Massachusetts deprived him of due process, D.C. Bar R. XI, § 11(c)(1); that there was infirmity of proof, *id.,* § 11(c)(2); or that his conduct there would not constitute misconduct here. *Id.,* § 11(c)(5). "Thus, we must treat respondent's misconduct as conclusively established by the decision" of the Supreme Judicial Court of Massachusetts.[2] *In re DeMaio,* 893 A.2d 583, 586 (D.C.2006).

---

1. Bar Counsel asserts, without contradiction from respondent, that in Massachusetts, an attorney must demonstrate his fitness to practice law after serving a two-year suspension. The attorney must petition for reinstatement and carry "the burden of demonstrating that he or she has the moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth, and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar, the administration of justice, or to the public interest." Mass. Sup. Jud. Ct. Rule 4:01 § 18(5) (2008).

2. Respondent argues that because the Massachusetts court uses the "preponderance of the evidence" standard to impose discipline, while we use the more stringent "clear and convincing" standard, we cannot rely on the Massachusetts court's factual findings. We have previously rejected this argument, concluding, in a reciprocal discipline case, that "New York's use of a preponderance standard does not establish an infirmity of proof...." *In re Benjamin,* 698 A.2d 434, 440 (D.C.1997).

## III.

Respondent argues that Bar Counsel has failed to establish by clear and convincing evidence that his misappropriation of money from a company to which he had a fiduciary duty, but not a lawyer-client relationship, justifies the substantially different discipline of disbarment. At the outset, we note that "the authority of the Board to recommend greater discipline, and of this court to impose it, is well established." *In re Demos,* 875 A.2d 636, 641 (D.C.2005); *accord, In re Jacoby,* 945 A.2d 1193, 1197–99 (D.C.2008). "Determining whether the 'substantially different discipline' exception warrants a greater or lesser sanction involves a two-step inquiry. First, we must determine if the misconduct would not have resulted in the same punishment here as it did in the disciplining jurisdiction. . . . Second, if the discipline imposed in the District of Columbia would be different from that of the original disciplining court, we must then decide whether the difference is 'substantial.'" *Jacoby,* 945 A.2d at 1199–1200 (internal citations and quotation marks omitted).

We considered similar circumstances in *In re Gil,* 656 A.2d 303 (D.C.1995), holding that an attorney who misappropriates funds unrelated to the practice of law may nonetheless violate Rule 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness). *Id.* at 304. We relied on that holding in *In re Slattery,* a case very similar to this one, where the respondent had secretly removed funds from a bank account belonging to a fraternal organization to which he had a fiduciary duty. *In re Slattery,* 767 A.2d 203 (D.C.2001). We held that Slattery's act of withdrawing the money for his own benefit without the authorization of the organization, and his deceitful behavior following the withdrawal, "reflect[ed] poorly on his professional performance as an attorney." *Id.* at 218. In both *Slattery* and *Gil,* we concluded that disbarment was the appropriate sanction.

We find this case indistinguishable from *Slattery.* Both respondent and Slattery were in sole control of bank accounts that belonged to organizations with which they were affiliated, and which trusted them to maintain the account. Both withdrew funds from the accounts without the knowledge or authorization of the organization, and they used the money for their personal gain. Both concealed their actions and engaged in deceitful behavior following the transfer of the funds. As the Board here emphasized, the Massachusetts court found that "Respondent, in his capacity as a fiduciary, intentionally converted corporate funds for his personal use and fabricated documents and made false statements to conceal his actions." Similarly, Slattery not only had converted the funds he was charged with protecting, he also "actively concealed his transactions," and gave "misleading, false and deceitful" deposition testimony regarding the incident. *Slattery,* 767 A.2d at 214. We agree with the Board that "Respondent's misconduct would have resulted in his disbarment in this jurisdiction," and accept its recommendation that "[t]he appropriate discipline in this jurisdiction for such grave misconduct is disbarment." [3]

---

**3.** Respondent argues that his case may be distinguished from *Slattery* and *Gil* because the Massachusetts court did not explicitly find his actions to be criminal, but such a finding is not necessary. *In re Pelkey,* 962 A.2d 268, 278 (D.C.2008). Indeed, Slattery had not been convicted of a crime either. *Slattery,* 767 A.2d at 206. It also is immaterial that respondent intended to return the funds promptly. "With respect to the intent element, theft under District law does not re-

Accordingly, respondent is hereby disbarred from the practice of law in the District of Columbia, effective immediately. For purposes of seeking reinstatement, time shall be deemed to run from the date respondent files an affidavit that complies with D.C. Bar Rule XI, § 14(g).

*So ordered.*

quire an intent to appropriate property permanently." *In re Pelkey,* 962 A.2d at 278.