*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 22-BG-485

IN RE NELSON GONZALEZ,

DDN2020-D103

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 465407**

BEFORE:  Easterly and Howard, Associate Judges, and Fisher, Senior Judge.

**O R D E R**
(FILED—September 22, 2022)

On consideration of the April 9, 2020, certified order from the state of New Jersey suspending respondent from the practice of law in that jurisdiction for three months; this court's July 18, 2022, order directing respondent to show cause why reciprocal discipline should not be imposed; respondent's pro se response and certification; and the statement of Disciplinary Counsel acknowledging that he was responsible for the delay in proceeding in this action and requesting the imposition of substantially different discipline in the form of a six-month suspension with no fitness requirement nunc pro tunc to May 7, 2020, without any prospective suspension from the practice of law; and it appearing that respondent does not object to imposition of that sanction; it is

ORDERED that Nelson Gonzalez is hereby suspended from the practice of law in the District of Columbia, nunc pro tunc to May 7, 2020, for a period of six months, without any prospective suspension from the practice of law. *See In re Salo*, 48 A.3d 174, 180 (D.C. 2012) ("[I]t is well established that negligent misappropriation usually results in a six-month suspension without a fitness requirement."); *In re Sibley*, 990 A.2d 483, 487 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Jacoby*, 945 A.2d 1193, 1199-1200 (D.C. 2008) (describing the two-step inquiry for concluding whether the "substantially different discipline" exception applies as determining whether the misconduct would

have resulted in the same punishment and if the discipline would be different, whether the difference is "substantial").

**PER CURIAM**