*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 22-BG-699**

IN RE JOHN B. MARCIN,

**DDN: 2021-D166**

An Administratively Suspended Member of
the Bar of the District of Columbia Court of Appeals

**Bar Registration No. 437790**

BEFORE: McLeese and Howard, Associate Judges, and Ferren, Senior Judge.

### O R D E R
(FILED— November 23, 2022)

On consideration of the certified order from the state of Nevada suspending respondent for four years; this court's September 21, 2022, order suspending respondent pending final disposition of this proceeding and directing him to show cause why reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel requesting the imposition of substantially different discipline in the form of disbarment because respondent was found to have intentionally misappropriated entrusted funds; and it appearing that respondent has not filed a response or his D.C. Bar R. XI, § 14(g) affidavit with this court, it is

ORDERED that John B. Marcin is hereby disbarred from the practice of law in the District of Columbia. *See In re O'Neill*, 276 A.3d 492, 503 (D.C. 2022) ("Disbarment is the presumptive sanction for intentional misappropriation of client funds[.]"); *In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Jacoby*, 945 A.2d 1193, 1199-1200 (D.C. 2008) (describing the two-step inquiry for concluding whether the "substantially different discipline" exception applies as determining whether the misconduct would have resulted in the same punishment and if the discipline would be different, whether the difference is "substantial"). It is

**No. 22-BG-699**

FURTHER ORDERED that, for purposes of reinstatement, respondent's disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**