*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 22-BG-0629**

IN RE TERRY LEE WIKE, ESQUIRE,

**DDN:2020-D077**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 1003642**

BEFORE: Easterly and Howard, Associate Judges, and Thompson, Senior Judge.

### O R D E R
(FILED—March 16, 2023)

On consideration of the certified order from the state of Nevada suspending respondent for six months and one day for misappropriating and commingling client funds; this court's August 23, 2022, order suspending respondent pending final disposition of this proceeding and directing him to show cause why reciprocal discipline should not be imposed; respondent's response agreeing to reciprocal discipline and requesting immediate reinstatement; the statement of Disciplinary Counsel requesting the imposition of substantially different discipline in the form of disbarment; respondent's lodged late reply opposing substantially different discipline and reiterating his request for immediate reinstatement; and respondent's D.C. Bar XI, § 14(g) affidavit filed on September 27, 2022, it is

ORDERED that respondent's lodged late reply is filed. It is

FURTHER ORDERED that Terry Lee Wike is hereby disbarred from the practice of law in the District of Columbia, nunc pro tunc to September 27, 2022. "Disbarment is the presumptive sanction for intentional misappropriation of client funds," *In re O'Neill*, 276 A.3d 492, 503 (D.C. 2022), and a lesser sanction than disbarment in cases of misappropriation is appropriate only in extraordinary circumstances. *See In re Addams*, 579 A.2d 190, 191 (D.C. 1990) (en banc); *see also In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions

to this presumption should be rare); *In re Jacoby*, 945 A.2d 1193, 1199-1200 (D.C. 2008) (describing the two-step inquiry for concluding whether the "substantially different discipline" exception applies as determining whether the misconduct would have resulted in the same punishment and if the discipline would be different, whether the difference is "substantial"). Although respondent asserts that he was not found to have intentionally misappropriated client funds, the Nevada Supreme Court affirmed the disciplinary panel's findings that he "knowingly converted client funds to benefit himself." The court's determination that respondent had that state of mind precludes a determination that disbarment is unwarranted because the misappropriation "was inadvertent or the result of simple negligence." *See In re Pierson*, 690 A.2d 941, 949 (D.C. 1997); *see also In re Addams*, 579 A.2d at 191 ("reaffirm[ing] that in virtually all cases of misappropriation, disbarment will be the only appropriate action unless it appears that the misconduct resulted from nothing more than simple negligence"). Lastly, while there is no dispute that respondent paid his clients and their lienholders, this mitigating factor "of the usual sort" is not "especially strong" nor does it "substantially outweigh any aggravating factors," namely respondent's prior discipline in Nevada for the same misconduct and commitment of the underlying acts during the earlier disciplinary investigation. *See In re Pierson*, 690 A.2d at 950 (quoting *In re Addams*, 579 A.2d at 191).

**PER CURIAM**