*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 23-BG-0117**

IN RE JAY ARTHUR ROSENBERG,

**DDN:** 2022-D133

A Retired Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 1030354**

BEFORE: Blackburne-Rigsby, Chief Judge, and Easterly and Howard, Associate Judges.

**O R D E R**
(FILED—April 20, 2023)

On consideration of the certified order from the state of Virginia revoking respondent's authority to practice law after finding that he had been engaging in the unauthorized practice of law in that state and further barring him from seeking admission to practice law in the state, to which respondent consented; this court's February, 24, 2023, order suspending respondent pending final disposition of this proceeding and directing him to show cause why the functionally equivalent discipline of disbarment should not be imposed as reciprocal discipline; and the statement of Disciplinary Counsel including a request for reinstatement to be conditioned upon respondent's reinstatement in Virginia; and it appearing that respondent has not filed a response or his D.C. Bar R. XI § 14(g) affidavit; and it further appearing that respondent has never been licensed in Virginia and is barred from seeking admission, and, thus, is not eligible for reinstatement, it is

ORDERED that Jay Arthur Rosenberg is hereby disbarred from the practice of law in the District of Columbia. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (stating that the rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate); *see also In re Laibstain*, 841 A.2d 1259, 1263 (D.C. 2004) (explaining that the equivalent sanction in the District for revocation elsewhere is disbarment).

No. 23-BG-0117

We decline to impose Disciplinary Counsel's requested reinstatement condition, because respondent cannot be "reinstated" to a jurisdiction in which he was never licensed to practice and moreover the certified order from Virginia forever bars him from seeking admission to practice law in that state. Accordingly, requiring respondent to be reinstated in Virginia before seeking reinstatement in the District would effectively cause his disbarment in this jurisdiction to be permanent. Disciplinary Counsel has not established that such substantially different discipline is appropriate in this matter. *See In re Jacoby*, 945 A.2d 1193, 1199-1200 (D.C. 2008) (describing the standard for substantially different discipline). It is

FURTHER ORDERED that, for purposes of reinstatement, respondent's disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**