*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 23-BG-0764**

IN RE DUNCAN K. BRENT

**DDN:** 2023-D016

A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 445234**

BEFORE: Deahl and Shanker, Associate Judges, and Fisher, Senior Judge.

## O R D E R
(FILED— February 1, 2024)

On consideration of the certified order from the state of Virginia suspending respondent from the practice of law for one-year and one-day with terms by consent; this court's December 7, 2023, order maintaining respondent's interim suspension and directing him to show cause why reciprocal discipline should not be imposed; the statement of Disciplinary Counsel requesting the imposition of substantially different discipline in the form of a one-year and one-day suspension with a fitness requirement and that the court require reinstatement in Virginia prior to seeking reinstatement in this jurisdiction; and it appearing that respondent has not filed a response to either the court's order to show cause or Disciplinary Counsel's statement or filed his D.C. Bar R. XI, § 14(g) affidavit, it is

ORDERED that we impose substantially different reciprocal discipline and Duncan K. Brent is hereby suspended from the practice of law in the District of Columbia for one-year and one-day with reinstatement conditioned upon a showing of fitness and his reinstatement in Virginia. Disciplinary Counsel has established by clear and convincing evidence that the facts accepted by Virginia would result in a substantially different discipline in this jurisdiction. *See In re Jacoby*, 945 A.2d 1193, 1199-1200 (D.C. 2008) (describing the two-step inquiry for concluding whether the "substantially different discipline" exception applies as determining whether the misconduct would have resulted in the same punishment and if the

discipline would be different, whether the difference is "substantial"). Respondent admitted to neglecting a legal matter resulting in the client's claims being dismissed with prejudice and then failing to communicate with the client, failing to honor a medical provider's lien in several client matters, and refusing to cooperate with Virginia Bar Counsel. In a separate matter, respondent admitted to refusing to cooperate with the Virginia disciplinary investigations and has yet to comply with an outstanding subpoena in that matter. In this jurisdiction, repeated failure to cooperate with disciplinary investigations would require a showing of fitness prior to reinstatement. *See In re Cater*, 887 A.2d 1, 25-26 (D.C. 2005) (adopting a three-part test for determining whether to impose a fitness requirement when an attorney has failed to cooperate in a disciplinary investigation). Therefore, we find that Disciplinary Counsel has met the requirement of D.C. Bar R. XI, § 11(c)(4). *In re Burton*, 236 A.3d 372, 373 (D.C. 2020) (imposing an additional fitness requirement as substantially different discipline in a Virginia reciprocal matter involving client neglect, dishonesty, and failure to cooperate with the disciplinary investigation). It is

FURTHER ORDERED that, for purposes of reinstatement, Mr. Brent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**