*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

### DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 24-BG-0694**

In re WILLIAM H. THOMPSON, JR.,

**2024 DDN 23**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 439132**

BEFORE: Easterly, McLeese, and Shanker, Associate Judges.

### O R D E R
(FILED—October 24, 2024)

On consideration of the certified order from the Commonwealth of Virginia suspending respondent for six months; this court's August 13, 2024, order directing respondent to show cause why reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel requesting the imposition of substantially different discipline in the form of a six-month suspension with a fitness requirement because respondent was found to have failed to comply with the terms of an earlier Virginia disciplinary order to address his failures to protect entrusted funds; and it appearing that respondent has not filed a response to this court's order or Disciplinary Counsel's request and has not filed his D.C. Bar R. XI, § 14(g) affidavit, it is

ORDERED that William H. Thompson, Jr., is hereby suspended from the practice of law in the District of Columbia for six months with reinstatement conditioned upon a showing of fitness. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Jacoby*, 945 A.2d 1193, 1199-1200 (D.C. 2008) (describing the two-step inquiry for concluding whether the "substantially different discipline" exception applies as determining whether the misconduct would have resulted in the same punishment and if the discipline would be different, whether the difference is "substantial"); *see also In re Shedlick*, 267 A.3d 1018, 1019 (D.C. 2022) (imposing the substantially

different discipline of a three-month suspension with reinstatement conditioned upon a showing of fitness where the respondent had failed to comply with conditions to hire an accountant to address his failures to protect entrusted funds).  It is

FURTHER ORDERED that, for purposes of reinstatement, respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**