*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 24-BG-0784**

In re MARCY GENDEL,

    Respondent.
A Retired Member of the Bar of the
District of Columbia Court of Appeals            **DDN:** 2023-D192
**Bar Registration No. 306183**

BEFORE: Beckwith, Deahl, and Howard, Associate Judges.

## O R D E R
(FILED— November 21, 2024)

On consideration of the certified order from the Supreme Court of New Jersey suspending respondent for one year and until further order of the court; this court's August 28, 2024, order suspending respondent pending final disposition and directing respondent to show cause why reciprocal discipline should not be imposed; the statement of Disciplinary Counsel requesting the imposition of substantially different discipline in the form of disbarment, or in the alternative to require a showing of fitness for reinstatement; and respondent's D.C. Bar R. XI, § 14(g) affidavit; and it appearing that respondent has not filed a response to this court's order or Disciplinary Counsel's recommendation, it is

ORDERED that Marcy Gendel is hereby suspended from the practice of law in the District of Columbia for one year, nunc pro tunc to September 26, 2024, with reinstatement conditioned upon a showing of fitness. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (explaining that a rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate); *see also In re Gonzalez*, 318 A.3d 1208, 1216 (D.C. 2024) ("New Jersey automatically impose[s] a fitness requirement for reinstatement of suspended attorneys." (internal quotation marks omitted)). Here, respondent's New Jersey disposition was based on charges of negligent misappropriation, and we decline Disciplinary Counsel's recommendation to impose the substantially

different discipline of disbarment. *See* D.C. Bar Rule XI, § 11(c)(4); *In re Jacoby*, 945 A.2d 1193, 1199-1200 (D.C. 2008) (describing the two-step inquiry for concluding whether the "substantially different discipline" exception applies as determining whether the misconduct would have resulted in the same punishment and if the discipline would be different, whether the difference is "substantial"); *see also In re Bailey*, 283 A.3d 1199, 1208 n.4 (D.C. 2022) ("[N]egligent misappropriation does not trigger the presumption of disbarment."); *In re Robinson*, 74 A.3d 688, 697 (D.C. 2013) ("A six-month suspension is the norm as a starting point for negligent misappropriation cases.").

**PER CURIAM**