*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 24-BG-0796**

In re JIBRAN MUHAMMAD,

  Respondent.
A Member of the Bar of the        **DDN:** 2024-D091
District of Columbia Court of Appeals
**Bar Registration No. 1024558**

BEFORE: Beckwith and Howard, Associate Judges, and Thompson, Senior Judge.

### O R D E R
(FILED—November 27, 2024)

On consideration of the certified order from the Commonwealth of Virginia suspending respondent for six months; this court's September 18, 2024, order suspending respondent pending final disposition of the proceeding and directing him to show cause why reciprocal discipline should not be imposed; the statement of Disciplinary Counsel requesting the imposition of substantially different discipline in the form of a one-year suspension (or greater) with a fitness requirement and reinstatement contingent on reinstatement in Virginia; and respondent's D.C. Bar R. XI, § 14(g) affidavit filed on November 14, 2024, wherein he states he was readmitted to the bar of Virginia on November 6, 2024; and it appearing that respondent has not filed a response to this court's order or Disciplinary Counsel's request, it is

ORDERED that Jibran Muhammad, is hereby suspended from the practice of law in the District of Columbia for six months, nunc pro tunc to November 14, 2024. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare). We decline to impose substantially different discipline in the form of either a longer suspension or fitness requirement, because Disciplinary Counsel failed to establish that the Virginia sanction does not fall within the range of sanctions that respondent would have received in the District or that there are serious concerns about respondent's ability to act ethically in the future. *See In re Jacoby*, 945 A.2d 1193, 1199-1200 (D.C. 2008) (describing the two-step

inquiry for concluding whether the "substantially different discipline" exception applies as determining whether the misconduct would have resulted in the same punishment and if the discipline would be different, whether the difference is "substantial"); *id.* (defining "same punishment" as a sanction that falls within the range of sanctions that would be imposed in the District); *see also In re Gonzalez*, 318 A.3d 1208, 1216 (D.C. 2024) (stating that a fitness requirement is intended to be a response to "serious concerns" about an attorney's ability to act ethically and competently in the future and defining "serious concerns" as "real skepticism, not just a lack of clarity"); *see, e.g.*, *In re Salo*, 48 A.3d 174, 180 (D.C. 2012) ("[I]t is well established that negligent misappropriation usually results in a six-month suspension without a fitness requirement."); *In re Willingham*, 717 A.2d 342, 345-46 (D.C. 1998) (suspending an attorney for sixty days for commingling and neglect of client matters).

**PER CURIAM**